UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE RAINES,

     Plaintiff,

                                  Case No. 2:22-cv-11584
v.                                Hon. Mark A. Goldsmith

SHERMAN CAMPBELL, ET AL,

     Defendants.

_____/

### OPINION AND ORDER OF SUMMARY DISMISSAL

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Terrance Raines is incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. The complaint arises from enforcement of a SCFRA[1] order entered by the Wayne Circuit Court regarding pension funds Plaintiff receives. Plaintiff claims that Defendants, five individually named MDOC employees, are transferring more funds to the Michigan Department of Treasury than authorized by the state court order. The Court will summarily dismiss the complaint because Plaintiff fails to allege the lack of a State post-deprivation remedy.

### I. Standard of Decision

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act

---

[1] The State Correctional Facility Reimbursement Act (SCFRA) requires the redirection and appropriation of assets of prisoners by the State of Michigan to offset the expenses incurred in incarceration. See MICH. COMP. LAWS §§ 800.401, et seq.

("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-156 (1978). A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

## II. Complaint

The allegations and attachments to the complaint indicate that on May 8, 2015, an order was entered by the Wayne Circuit Court in a SCFRA action brought by the Michigan Attorney General that directs the Warden of Plaintiff's prison to apportion Plaintiff's monthly $249.80 pension payment from the Omaha Public Power District. Until September of 2017, the Warden was directed to transmit 40% of the pension

payment to the State Treasurer, distribute $100 for the support of Plaintiff's minor daughter, and retain the balance in Plaintiff's prison account for his own use. Starting in October of 2017, when Plaintiff's daughter turned eighteen, the Warden was to continue to transmit 40% of the pension payments to the State, and the remainder was to be kept in Plaintiff's prison account. (ECF No. 1, PageID.6, 8, 27-28.)

Plaintiff asserts that he has discovered that each month for the past five years between $100 and $198.92 more than authorized by the order has been transferred to the State, resulting in a total overpayment between $6,300 and $12,531.96. (Id. PageID.8.) Plaintiff asserts that Defendants violated his Fourteenth Amendment due process rights by unlawfully taking his money. Plaintiff seeks reimbursement of the overpayment.

### III. Discussion

Plaintiff's due process claim is barred by the doctrine of Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986). Under Parratt, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." Parratt, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. See Hudson v. Palmer, 468 U.S. 517, 530-36 (1984).

Here, Plaintiff is not challenging the established state procedure under SCFRA whereby a portion of his pension payment is being transferred to the State. That is, he is not challenging the constitutionality of SCFRA itself, nor is he challenging the order entered by the state court in his case.[2] Rather, he asserts that Defendants have erroneously transferred pension funds exceeding what was authorized by the state court order. Because Plaintiff's claims are premised upon allegedly intentional and unauthorized acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. See Copeland v. Machulis, 57 F.3d 476, 479-80 (6th Cir. 1995); Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir. 1993). A prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. See Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985).

Plaintiff does not allege that his state post-deprivation remedies are inadequate. His complaint asserts that he pursued administrative remedies within the MDOC, but his grievances were rejected because the issue was not appealable internally within the MDOC. (ECF No. 1, PageID.17.) Michigan law creates a potential remedy for Plaintiff outside the MDOC. The Sixth Circuit has found that Michigan law provides "several adequate post-deprivation remedies" to a prisoner asserting improper removal of money from his prison account. Copeland, 57 F.3d at 480. It authorizes actions in the Michigan Court of Claims asserting "any claim or

---

[2] If Plaintiff intended to challenge the Wayne Circuit Court's adjudication of the State's SCFRA claim, this Court would nevertheless be without jurisdiction to review that final decision by a state court. See, e.g., Letzgus v. Bell, 2011 U.S. Dist. LEXIS 32036, *3-7 (E.D. Mich. March 28, 2011).

demand ... against the state or any of its departments or officers" where a plaintiff seeks "monetary, equitable, or declaratory relief ...." MICH. COMP. LAWS § 600.6419(1)(a).

In cases similar to this one, the Sixth Circuit has affirmed dismissal where the inmate failed to allege that state law post-deprivation remedies were inadequate to remedy the allegedly wrongful removal of funds from a prisoner account. Id. at 479-80; Mowatt v. Miller, No. 92-1204, 1993 U.S. App. LEXIS 2255, 1993 WL 27460, at *1 (6th Cir. Feb. 5, 1993); Shabazz v. Lecureux, 811 F.2d 607, 1986 WL 16140, at *1 (6th Cir. 1986). Plaintiff does not assert a lack of adequate post-deprivation remedies. Accordingly, Plaintiff's complaint fails to state a due process claim.

## IV. Conclusion

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the case is summarily dismissed.

**SO ORDERED**.

s/Mark A. Goldsmith
Mark A. Goldsmith
United States District Court

Dated: July 21, 2022

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2022.

s/Kelly Winslow
Case Manager